JERRY E. SMITH, Circuit Judge,
dissenting:
Defendants argue, and the district court found, that Branton’s report to Davis was of no concern to the public. Agreeing with that assessment, I respectfully dissent and would affirm.
Branton merely communicated her opinion that Thomas had lied regarding an invitation to become an International Instructor. As an independent matter, that content is obviously of no public import, for the public is not concerned with Thomas’s ambitions regarding baton instruction. If the communication involved serious police misconduct or corruption, however, it would be of public concern. Thus, in Brawner v. City of Richardson, 855 F.2d 187, 191-92 (5th Cir.1988), this court stated that “[t]he disclosure of misbehavior by public officials is a matter of public interest and therefore deserves constitutional protection, especially when it concerns the operation of a police department.”
Defendants correctly urge that an alleged lie during testimony at an administrative hearing concerning a purely internal police matter (i.e., a matter that did not concern the public safety mission of the police department) is not of public concern. Defendants point out that even if a lie at such a hearing potentially could be *747 of public concern, it is of no such concern when it is completely tangential and irrelevant to the purpose of the hearing.
For example, if an officer lied about his age, the fact that it occurred at a police administrative hearing would not elevate that content to a matter of public concern. Here, whether Thomas was requested to become an International Instructor is irrelevant to Popken’s wrongdoing.
Branton, citing language of this court, counters that any falsehood during testimony at a police administrative hearing, regardless of relevance, is police misconduct and therefore is of public concern. The majority apparently agrees, emphasizing that “because police officers who are constantly trained and reminded to be truthful in ‘everything [they] say’ will be less likely to give false evidence in court or fabricate statements that might endanger the liberty of innocent citizens.”
In Brawner, this court held that speech regarding illegal police investigations of citizens and politicians was of public concern. See Brawner, 855 F.2d at 189-90. “Because the speech at issue complained of misconduct within the police department, it should be classified as speech addressing a matter of public concern.” Id. at 192.
In Thompson v. City of Starkville, 901 F.2d 456, 463, 466 (5th Cir.1990), we held that there was a fact issue whether speech alleging theft of confiscated property and racial discrimination in a police department constituted a matter of public concern:
This court has held, albeit under different facts, that where speech “complained of misconduct within the police department, it should be classified as speech addressing a matter of public concern” [citing Brawner ]. If released to the public, Thompson’s affidavit would expose possible corruption in the police force of the City.
The Thompson court went on to note that the case involved allegations of widespread misbehavior within the police force “which could potentially affect public safety,” such as the allegation that certain officers might not respond to a request for backup of a black officer. Id. at 466. Thompson’s recognition that the facts of Brawner were different, and its discussion of the potential public interest in the specific speech under consideration, demonstrate that Branton’s broad reading of Brawner is not the law of this circuit.
Branton’s contention that every breach of internal employee rules is of public concern merely because it takes place within a police department is supported neither by our precedent nor by logic. Even accepting all of Branton’s factual assertions— namely, that she truly thought Thomas had lied, that she breached no specific department guidelines by speaking when she did, and that she acted in good faith and out of no ill motive- — -the content of her speech was not of public concern, and therefore her First Amendment claim fails, without the need to address the issue of the interests of the employer or of qualified immunity.
This court should not sit in judgment of personnel actions that do not violate the Constitution. I respectfully dissent.